No. 21,304.

A. G. SUTCLIFF and HOMER KENNETT, *Appellants*, v. THE CITY OF GLASCO et al., *Appellees.*

SYLLABUS BY THE COURT.

1. PAVING—*Special Assessments—Method of Appraisement—Good Faith.* Under a statute providing that the cost of a local improvement shall be distributed among the pieces of property benefited thereby in proportion to their appraised value, the fact that the body making such appraisement adopts figures which produce the same net result as a prior assessment which was invalid because erroneously made upon the basis of frontage and location, is not conclusive evidence of a want of good faith in the application of the statutory method.

2. INJUNCTION—*Special Assessments—Certain Evidence Properly Excluded.* In an action to enjoin special assessments as excessive, evidence of irregularities in the prior proceedings held to have been properly excluded because not within the pleadings.

3. PAVING—*Paid for in Warrants Instead of Bonds.* A property owner is not entitled to an injunction against a special assessment for local improvements because warrants have been issued to the contractor instead of bonds, as contemplated by the statute, where the amount or time of payment of the tax is not thereby affected.

Appeal from Cloud district court; JOHN C. HOGIN, judge. Opinion filed July 7, 1917. Affirmed.

*Olin Hunter*, of Concordia, for the appellants.

*A. M. French, Park B. Pulsifer, Charles L. Hunt*, and *Clyde L. Short*, all of Concordia, for the appellees.

The opinion of the court was delivered by

. MASON J.: In a city of the third class, pavement was laid on the main street for a distance of two blocks, and also on the cross street that divided them for half a block on each side of the intersection. The owners of two corner lots, which front on the main street, sought injunction against the collection of the assessments made against their property, on the ground that they were excessive by reason of the use of an unjust and arbitrary rule, without an attempt in good faith to follow the statutory method of appraisement. They were denied relief, and appeal.

1. The statute required that the cost of the paving should be charged against the abutting property to the middle of the block according to the value of each lot as fixed by three appraisers appointed by the mayor. (Gen. Stat. 1915, § 1974.) It was shown that there had been a general understanding that the cost of the paving on the cross street should be charged against the half of the half blocks abutting thereon in this proportion: the first 40 feet to bear 90 per cent of the expense, the next 35 feet 4 per cent, the next 30 feet 3 per cent, the next 30 feet 2 per cent, and the remaining 30 feet 1 per cent. A committee appointed to apportion the cost of this part of the pavement made a report, which was adopted, distributing it according to that plan. At the same time the cost of the paving on the main street was charged against the abutting property according to the front foot. The assessment here complained of however was not based on these proceedings, but on the report of a new set of appraisers, made in apparent conformity with the law. The plaintiffs contend that while the assessment purports to be based upon an appraisement made in accordance with the statute, the appraisers did not in fact exercise their independent judgment in determining the value of the several lots, but merely assigned such valuations to each as would result in charging to it the same amount that had been arrived at by the first method employed, which was confessedly erroneous. They insist that this is conclusively shown by the fact that each tract affected by the cross street paving is charged with practically the same burden it would have borne if the original plan had been followed to the end, the difference in no instance amounting to as much

as a dollar, the correspondence being too close to be accounted for as a mere coincidence. Under the first assessment the plaintiffs' property was probably charged with more than a due share of the expense of paving the cross street, but it presumably was charged with less than its due share of the expense of paving the main street, for the corner lots were of course more valuable than the others, and the frontage rule effected a discrimination in their favor. The second assessment would not necessarily be vitiated by proof that in making it the appraisers were consciously or unconsciously influenced to some extent by a knowledge of the result of the first one. If the figures they adopted represented their actual judgment as to the value of the various lots, formed in the light of all the information they had, their work must stand. (*Finney County v. Bullard,* [77 Kan. 349, 94 Pac. 129] 16 L. R. A., n. s., 807 and Note.) Whether this was the case was a question of fact for the determination of the trial court, which had much fuller opportunity to form a just opinion on the subject than can be afforded here. The correspondence between the two sets of figures, arrived at by different methods, was merely one circumstance to be weighed in passing upon the good faith of the officials having the matter in charge. Another was that the appraisers had adopted a set of figures shown by a memorandum which had been handed them by the mayor, with the suggestion that they might make use of it, although it was not binding upon them. Each of the appraisers was upon the stand and testified in substance that the amounts set out in the report represented his fair and honest judgment as to the value of the property. We find no ground for overturning the decision of the trial court that the assessment was made in good faith, and that being the case it is not open to attack by injunction, however excessive or unequal it may be as a result of the exercise of bad judgment.

2. Complaint is made of the rejection of evidence concerning the proceedings prior to the assessment. The petition showed a reliance upon the proposition that too large a proportion of the cost of the improvement had been charged against the property of the plaintiffs. No irregularities in the antecedent proceedings were set out, and the evidence referred to was properly rejected as not within the pleadings.

3. A further complaint is made on the ground that under the statute cited the cost of paving is to be met by the issuance of bonds, and that no provision has been made for them. The petition contains an allegation that the city has paid the contractor for the improvement, but the fact seems to be that warrants have been issued to him, upon which some payments have been made out of the proceeds of the special assessment. So long as the plaintiffs are not required to pay any larger sum than would be required to meet the bonds if they had been issued, and are allowed the same time of payment as though that were the case, they are not entitled to an injunction against the assessment because warrants instead of bonds were given to the contractor.

The judgment is affirmed.